UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECHAUN DWYAN BAKER, <br><br> Petitioner, <br><br> v. <br><br> SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Case No.: 15-cv-1721-GPC (WVG) <br><br> **REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS** <br><br> **[Doc. No. 7]** |

## I.   INTRODUCTION

Lechaun Dwyan Baker ("Petitioner") is a federal inmate serving a nine-year sentence for importation of narcotics. (Doc. No. 7, Ex. C.) On August 3, 2015, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254 challenging a California state court judgment terminating his parental rights. (Doc. No. 1.) San Diego County Health and Human Services ("Respondent") moves to dismiss the Petition for failure to state a claim cognizable under Section 2254. (Doc. No. 7.) The motion is before the undersigned for preparation of a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d)(4).

/ / /

/ / /

Having reviewed the Petition (Doc. No. 1), Respondent's Motion to Dismiss (Doc. No. 7), and Petitioner's Response in Opposition (Doc. No.11),[1] the Court finds that Section 2254 does not confer federal habeas corpus jurisdiction over Petitioner's challenge to the state court judgment terminating his parental rights.

The Court therefore recommends that Respondent's Motion to Dismiss be granted and that the Petition be **DISMISSED**.

## II.     BACKGROUND

On February 11, 2012, Petitioner was stopped at the San Ysidro Port of Entry in San Diego, California while attempting to cross into the United States from Mexico. (Doc. No. 7, Ex. A.) Petitioner's two-year-old son was in the backseat of the vehicle. (Id.) During the stop, a trained narcotics detection dog alerted to the rear cargo area of Petitioner's vehicle. (Id.) A border patrol officer discovered eighteen packages of methamphetamine with a combined weight of 28.73 pounds. (Id.) Petitioner was arrested and charged in federal court with importation of narcotics.[2] (Id.) Respondent took Petitioner's son into protective custody. (Doc. No. 7, Ex. B.)

The minor's mother, who resided in the State of Washington, immediately drove to San Diego, where she was interviewed by Respondent's social worker. (Id.) The social worker determined that the mother could not safely care for the minor. (Id.) The social worker also interviewed Petitioner. (Id.) Petitioner admitted his lengthy criminal history but denied knowing that drugs were in his car at the time of his arrest. (Id.)

Following these interviews, Respondent filed a petition in the state juvenile court under California Welfare and Institutions Code Section 300, alleging that Petitioner's child

---

[1] Petitioner titled his Response in Opposition to Respondent's motion as a "Traverse to the Answer." (Doc. No. 11.)

[2] The undersigned was the assigned magistrate judge in Petitioner's criminal case. This fact creates no impropriety in the Court's handling of the instant matter as the Court has no independent recollection of the criminal case or the Petitioner and, even if it did, it is not, as a general principle, inappropriate for a single court to handle multiple cases involving the same individual.

was at substantial risk of harm. (Id.) The juvenile court declared the minor a dependent, removed him from parental custody, and ordered that he be placed in a foster home. (Id.)

During the initial interviews with Respondent's social worker, Petitioner and the minor's mother denied Native American heritage. (Id.) However, at a subsequent interview, Petitioner reported a family connection to the Blackfoot Tribe. (Id.) The juvenile court therefore set a special hearing to address the potential application of the Indian Child Welfare Act ("ICWA"), 25 U.S.C. §1901 et seq. (Id.) Based on interviews with Petitioner's mother and cousin, who both denied any knowledge of Native American ancestry, Respondent's ICWA specialist determined that the Petitioner had no other family members who could provide information about possible Native American heritage. (Id.) Respondent submitted the ICWA specialist's finding to the juvenile court. (Id.) Based on that finding, the court concluded that ICWA was not applicable. (Id.)

Meanwhile, on July 26, 2013, Petitioner pled guilty in federal court to the drug trafficking charge. (Doc. No. 7, Ex. C.) He was sentenced to a nine-year term of imprisonment. (Id.) Petitioner is currently serving his sentence at the Sheridan Federal Correctional Institution in Oregon. (Id.)

Subsequently, the juvenile court terminated parental rights and referred Petitioner's son for adoptive placement. (Doc. No. 7, Ex. B.) Petitioner appealed, arguing that the juvenile court's order violated ICWA. (Doc. No. 7, Ex. A.) The California Court of Appeal affirmed. (Id.) Petitioner then appealed to the California Supreme Court and United States Supreme Court. (Doc. No. 7, Ex. D.) Both courts denied review. (Id.)

Petitioner then challenged the termination order through a state habeas petition. (Id.) The California Court of Appeal denied this petition on July 5, 2015. (Id.) The court found that the termination of parental rights was "final and not subject to collateral attack by a petition for a writ of habeas corpus." (Id.)

On August 3, 2015, Petitioner, proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 in this Court. (Doc. No. 1.) On October 13, 2015, Respondent moved to dismiss, arguing that the Petition failed

to state a claim for federal habeas relief. (Doc. No. 7.) On December 14, 2015, Petitioner filed an Opposition to Respondent's motion. (Doc. No. 11.)

## III.   DISCUSSION

Rule 4 of the Rules Governing Section 2254 cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. The Supreme Court has explained that "[s]ummary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory or 'palpably incredible' or 'patently frivolous or false.'" Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1997)) (additional citations omitted). A court may summarily dismiss a petition to "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." Lonchar v. Thomas, 517 U.S. 314, 326 (1996) (quoting Advisory Committee Note to Rule 4).

Respondent argues the Petition fails to state a claim on which the Court may grant relief because Petitioner is not in state custody pursuant to the family court order that he challenges. (Doc. No. 7.) In response, Petitioner asserts that he is bringing the Petition on behalf of his minor son who he alleges to be involuntarily in custody of the state for purposes of Section 2254. (Doc. No. 11.)

The "next friend" doctrine has been codified in 28 U.S.C. § 2242, and provides that "an application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." See Whitmore v. Ark., 495 U.S. 149, 163 (1990); Vargas v. Lambert, 159 F.3d 1161, 1166 (9th Cir. 1998). In Whitmore, the Supreme Court held that a habeas petitioner may demonstrate standing as a next friend as long as two prerequisites are met: (1) the "next friend must provide an adequate explanation… why the real party in interest cannot appear on his own behalf to prosecute the action;" and (2) "the next friend must be truly dedicated to the best interests of the person" and have "some significant relationship with the real party in interest." Whitmore, 495 U.S. at 163-64. A next friend does not himself become a party to the habeas

petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Vargas, 159 F.3d at 1166.

The present case does not require the Court to determine whether Petitioner has standing as a "next friend" because it is clear that Section 2254 does not confer jurisdiction over Petitioner's challenge to the termination of his parental rights. Petitioner asserts that his minor son is being held in custody by the State of California "against his rights to liberty and freedom protected by the constitutions of the United States." (Doc. No. 11.) He asserts that "[E]nglish common-law courts permitted parents to use the writ to obtain custody of a child as a way of vindicating their own rights," and that various state cases also permit the use of habeas corpus to challenge child-custody decisions. (Id.) But, regardless of whether habeas corpus relief has been available in other jurisdictions to vindicate parental rights, the scope of federal habeas corpus review under Section 2254 does not stretch so far.

Section 2254(a) provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has expressly held that children in foster care are not "in custody" of the State for purposes of Section 2254. Lehman v. Lycoming Cnty. Children's Servs., 458 U.S. 502, 510-11 (1982). Simply put, "the 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." Id. at 511. Such children "are not prisoners[,] [n]or do they suffer any restrictions imposed by a state criminal justice system." Id. at 510. "They are in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents." Id. at 510-11. The Court therefore declined to extend federal habeas jurisdiction under Section 2254 to challenges to the involuntary termination of parental rights. Id. at 516; see also Bell v. Dep't of Soc. & Health Servs., 382 Fed. App'x 669, 670 (9th Cir. 2010) (reaffirming that there is no federal habeas jurisdiction "to challenge the constitutionality of a state statute

under which a State has obtained custody of children and terminated involuntarily the parental rights of their natural parent.")

<u>Lehman</u> is squarely on point with the case at bar. In this case, as in <u>Lehman</u>, Petitioner seeks to challenge a state court judgment involuntarily terminating his parental rights. Such a challenge, however, is beyond the purview of Section 2254, because Petitioner's son is not in the custody of the state as required to confer jurisdiction under Section 2254.[3] Petitioner therefore may not use Section 2254 to re-litigate the termination of his parental rights.[4]

## IV.   CONCLUSION

For the reasons stated, the Court recommends that Respondent's Motion to Dismiss be granted and that the Petition be **DISMISSED** without prejudice.

**IT IS ORDERED** that no later than **May 20, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 10, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERD.**

Dated:  April 11, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge

---

[3] To the extent that Petitioner's solitary reference to 28 U.S.C § 2255 (Doc. No. 11, at 1), raises the question of § 2255 jurisdiction, the Court finds that such jurisdiction is absent. Petitioner's son is not "[a] prisoner in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a).

[4] The Court addresses only the issue before it: whether Petitioner has stated a claim cognizable on federal habeas corpus. The Court does not address the merits of, or the existence of federal jurisdiction over, Petititioner's claim that the decision of the state juvenile court violated ICWA.