UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECHAUN DWYAN BAKER,<br><br>                             Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY HEALTH & HUMAN SERVICES,<br><br>                            Defendant. | Case No.: 3:15-cv-01721-GPC-WVG<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE**<br><br>[ECF No. 12] |

      Petitioner Lechaun Dwyan Baker ("Petitioner"), a federal inmate proceeding *pro se* and *in forma pauperis* filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging a California State Judgment terminating his parental rights. (ECF No. 1.) Respondent San Diego County Health and Human Services ("Respondent") moved to dismiss the Petition for failure to state a cognizable claim under Section 2254. (ECF No. 7.) Presently before the Court is a Report and Recommendation ("Report") issued by Magistrate Judge William V. Gallo recommending the Court grant Respondent's motion to dismiss. Neither party has filed objections to the Magistrate Judge's Report. After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report and **GRANTS** Defendant's motion to dismiss.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the *de novo* review is waived." *Marshall v. Astrue*, No. 08cv1735, 2010 WL 841252, at *1 (S.D. Cal. Mar. 10, 2010) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

In this case, neither party has timely filed objections to the Magistrate Judge's Report. Consequently, the Court may adopt the Report on the basis that it is unopposed. *See Reyna-Tapia*, 328 F.3d at 1121. Having reviewed the Report, the Court finds that the Report is thorough, well–reasoned and contains no clear error. The Supreme Court has clearly declined to extend federal habeas jurisdiction under Section 2254 to challenges to the involuntary termination of parental rights. *See Lehman v. Lycoming Cnty Children's Servs.*, 458 U.S. 502, 510–11 (1982). Petitioner's challenge falls outside the scope of Section 2254 because neither Petitioner nor his son are in the custody of the state as required for jurisdiction under Section 2254. Accordingly, the Court hereby (1) **ADOPTS** the Magistrate Judge's Report in its entirety, and (2) **DISMISSES** the Petition **WITHOUT PREJUDICE**.

Moreover, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has not made this showing. Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: August 15, 2016

Hon. Gonzalo P. Curiel
United States District Judge