UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECHAUN DWYAN BAKER,<br><br>         Petitioner,<br><br>v.<br><br>SAN DIEGO COUNTY HEALTH & HUMAN SERVICES,<br><br>         Respondent. | Case No.:  3:15-cv-01721-GPC-WVG<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[ECF No. 16.]** |

  Before the Court is Petitioner Lechaun Dwyan Baker's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.  (Dkt. No. 16.)  For the following reasons, the Court **GRANTS** Petitioner's request.

## BACKGROUND

  Petitioner Lechaun Dwyan Baker ("Petitioner"), a federal inmate proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging a California State Judgment terminating his parental rights.  (Dkt. No. 1.)  Respondent San Diego County Health and Human Services ("Respondent") moved to dismiss the Petition for failure to state a cognizable claim under Section 2254.  (Dkt. No. 7.)

On April 11, 2016, U.S. Magistrate Judge William V. Gallo issued a Report and Recommendation ("R&R") recommending that this Court issue an order granting Respondent's motion to dismiss. (Dkt. No. 12.) No objections were filed to the R&R. On August 15, 2016, the Court approved and adopted the R&R in its entirety and granted Respondent's motion to dismiss. (Dkt. No. 13.) Accordingly, the Clerk of the Court entered judgment against Petitioner. (Dkt. No. 14.)

On September 1, 2016, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (Dkt. No. 16.) Petitioner argues relief from judgment is appropriate because he did not receive and was not aware of the R&R prior to it being approved and adopted by this Court. (Dkt. No. 16 at 3.) Petitioner states that after he filed an opposition to Respondent's motion to dismiss, he received no further communication regarding his petition until he received notice of this Court's dismissal of his Petition without prejudice on August 22, 2016. (*Id.*)

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from a final judgment or order for any reason that justifies relief. "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *Latshaw*, 452 F.3d at 1103).

Here, the Court finds that Petitioner has demonstrated relief from judgment is appropriate. Petitioner states that he did not receive the R&R prior to the Court adopting it. Upon learning of the Court's dismissal of his Petition, Petitioner promptly filed the instant motion, stating that he would have objected to the R&R had he received it. The

Court does note, however, that Petitioner is receiving at least some of his legal mail, which is demonstrated by the fact that he is aware of the Court's Order adopting the R&R.[1]  Nevertheless, in an abundance of caution, the Court will vacate the judgment and its Order adopting the R&R to allow Petitioner the opportunity to object to the R&R. *See, e.g.*, *Smith v. Adams*, No. 109-CV-00292-GSA PC, 2009 WL 3789054, at *1 (E.D. Cal. Nov. 10, 2009) (setting aside judgment based on the plaintiff prisoner's claim that prison staff interfered with the delivery of his mail).  Accordingly, as ordered below, Petitioner must file any objections to the R&R no later than **October 28, 2016**.

## CONCLUSION

In light of the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk of the Court shall mail a copy of this Order and another copy of the Report and Recommendation (Dkt. No. 12) to Petitioner.
2. Petitioner's motion for relief from judgment (Dkt. No. 16) is **GRANTED**.
3. The Clerk's judgment (Dkt. No. 14) is **VACATED**, and the Clerk shall reopen this case.
4. The Court's Order adopting the Report and Recommendation (Dkt. No. 13) is **VACATED**.
5. **Petitioner may file written objections to the Report and Recommendation with the Court and serve a copy on all parties on or before October 28, 2016**.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be filed and served on or before **November 11, 2016**.  Petitioner is advised that a failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*,

---

[1] Petitioner has notified the Court of a recent change of address.  (Dkt. No. 16.)

1 | 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156
2 | (9th Cir. 1991).
3 | **IT IS SO ORDERED.**
4 |
5 | Dated:  September 30, 2016
6 |
7 | Hon. Gonzalo P. Curiel
8 | United States District Judge