UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECHAUN DWYAN BAKER,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>SAN DIEGO COUNTY HEALTH & HUMAN SERVICES,<br><br>　　　　　　　　　　　Respondent. | Case No.: 3:15-cv-01721-GPC-WVG<br><br>**ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) CONFIRMING ADOPTION OF THE REPORT AND RECOMMENDATION**<br><br>**[ECF Nos. 7, 12.]** |

　　　On August 3, 2015, Petitioner Lechaun Dwyan Baker ("Petitioner"), a federal inmate proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a California state court judgment terminating his parental rights. (Dkt. No. 1.) Respondent San Diego County Health and Human Services ("Respondent"), moved to dismiss the Petition for failure to state a claim cognizable under Section 2254. (Dkt. No. 7.) On April 11, 2016, Magistrate Judge William V. Gallo issued a Report and Recommendation ("R&R") recommending that the Court issue an order granting Respondent's motion to dismiss. (Dkt. No. 12.) No objections were filed to the R&R. On August 15, 2016, the Court approved and adopted the R&R in its totality and granted Respondent's motion to dismiss. (Dkt. No. 13.) Accordingly, the Clerk of the Court entered judgment against Petitioner. (Dkt. No. 14.)

On September 1, 2016, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), asserting that he neither received nor was aware of the R&R prior to its approval and adoption by the Court, and as such did not file objections to the R&R. (Dkt. No. 16.) On September 30, 2016, the Court granted Petitioner's motion for relief under Rule 60(b), thus vacating the adoption of the R&R and reopening the case. (Dkt. No. 18.) Petitioner filed objections to the R&R on October 27, 2016. (Dkt. No. 19.)

Upon review of the moving papers, objections, and applicable law, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 and **CONFIRMS** the adoption of the Magistrate Judge's R&R.

## BACKGROUND

On February 11, 2012, Petitioner was stopped at the San Ysidro Port of Entry in San Diego, California while attempting to enter the United States from Mexico. (Dkt. No. 7-3, Ex. A.) During the stop, a narcotics detector dog alerted to the rear cargo area of the vehicle driven by Petitioner. (*Id*.) The border patrol officer examined the rear cargo area and discovered eighteen packages of methamphetamine weighing 28.73 pounds. (*Id*.) Petitioner was arrested and charged in federal court with importation of narcotics. (*Id*.) During the stop, Petitioner was traveling with his two-year-old child in the backseat of the car. (*Id*.) As a result, once Petitioner was arrested, the child was taken into protective custody by Respondent. (Dkt. No. 7-4, Ex. B. at 2.[1])

Respondent's social worker conducted an investigation and interviewed Petitioner and the child's mother. (*Id.*) Respondent's social worker concluded that the minor was at substantial risk of harm and filed a petition in state juvenile court under Cal. Welf. & Inst. Code § 300(b). (*Id*. at 2–3.) The juvenile court declared the minor a dependent and ordered the minor to be placed in foster care. (*Id*. at 3.)

---

[1] Unless otherwise specified, citations to the record are based upon pagination generated by the CM/ECF system.

Initially, Petitioner and the minor's mother denied Native American heritage. (*Id.*) Yet, later Petitioner claimed a family connection to the Blackfoot Tribe. (*Id.*) As a result, the juvenile court set a special hearing regarding the potential application of the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 *et seq.* (*Id.*) Respondent's ICWA specialist interviewed Petitioner's mother and cousin, who both denied any knowledge of Native American ancestry, and determined Petitioner had no other family members who could present information about possible Native American heritage. (*Id.* at 3–4.) Respondent submitted the ICWA specialist's report to the juvenile court. (*Id.* at 4.) The juvenile court agreed with the findings and held that ICWA was not applicable. (*Id.*)

Petitioner was convicted of the federal drug trafficking charge and sentenced to a nine-year term of imprisonment on July 26, 2013. (Dkt. No. 7-5.) The juvenile court terminated parental rights and placed Petitioner's son for adoptive placement. (Dkt. No. 7-4 at 4–5.) Petitioner appealed, arguing that the juvenile court's order violated ICWA. (*Id.* at 6.) The California Court of Appeal affirmed the juvenile court's order. (*Id.* at 14.) Petitioner then appealed to the California Supreme Court and the United States Supreme Court, and both denied review. (Dkt. No. 7-6.)

Petitioner then challenged the termination order through a state habeas petition. (*Id.*) The California Court of Appeal denied the petition on July 7, 2015. (*Id.*)

On August 3, 2015, Petitioner proceeding *pro se* and *in forma pauperis*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)

## LEGAL STANDARD

The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Section 2254(a) states that federal courts "shall entertain an application for writ of habeas corpus in behalf of person in custody pursuant to the judgment of a State court

Case 3:15-cv-01721-GPC-WVG   Document 20   Filed 12/09/16   PageID.114   Page 4 of 5

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing Section 2254 cases allows for summary dismissal of habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in district court." 28 U.S.C. § 2254 Rule 4.

Respondent argues the Petition fails to state a claim on which the Court may grant relief because Petitioner is not in state custody. (Dkt. No. 7-1 at 4.) Petitioner contends he is bringing the Petition on behalf of his minor son who he alleges to be involuntarily in custody of the State for purposes of Section 2254. (Dkt. No. 11 at 3.)

Petitioner cites to *Jones v. Cunningham*, 371 U.S. 236 (1963), and *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cty., California*, 411 U.S. 345 (1973) to assert that courts consider whether the accused was subject to restraints not shared by the public generally when defining "in custody." (Dkt. No. 19 at 3–4.) Petitioner alleges children in foster care suffer restraints unlike the public generally and thus are "in custody." (*Id.* at 4–6.) Such restrictions include, *inter alia*: children are unable to visit natural parents unless the court and agency deem it appropriate; the biological family must undergo background searches, fingerprinting, and home study, as well as secure approval from the agency, to visit a child in foster care; and a child in foster care cannot leave the state without permission of the court. (*Id.*) Petitioner also alleges that foster parents merely act as an agent of the agency, and not as custodians. (*Id.*)

However, the Supreme Court expressly rejected this argument. The Court held that children in foster care are not "in custody" of the State for purposes of Section 2254. *Leham v. Lycoming Cnty. Children's Servs.*, 458 U.S. 502, 510–11 (1982). The Court stated that children in foster care are in the "custody" of their foster parents, just as children are in "custody" of their natural parents. *Id.* at 510. Thus, children in foster care "suffer no unusual restraints not imposed on other children." *Id.* at 511. Furthermore, the Court specifically stated that children in foster care "certainly suffer no restraint on

3:15-cv-01721-GPC-WVG

liberty as that term is used in *Hensley* and *Jones*." *Id*. As a result, the Court declined to extend federal habeas jurisdiction under Section 2254 to challenges to the involuntary termination of parental rights. *Id*. at 516; *see also Bell v. Dep't of Soc. & Health Sers.*, 382 Fed. App'x 669, 670 (9th Cir. 2010) (reaffirming *Leham*'s holding).

Accordingly, Petitioner cannot invoke Section 2254 to challenge a state court judgment involuntarily terminating parental rights because the Petitioner's son is not in the custody of the State. *Id.*

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Since Petitioner fails to make a substantial showing of the denial of a constitutional right, no reasonable jurist would find the Court's assessment of the claims debatable. For this reason, the Court **DECLINES** to issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court **CONFIRMS** the adoption of the Magistrate Judge's R&R in its entirety and **DENIES** Petitioner's Writ of Habeas Corpus under Section 2254.

**IT IS SO ORDERED.**

Dated: December 9, 2016

Hon. Gonzalo P. Curiel
United States District Judge